## ENGLE *v.* McNEILL.

### INJUNCTION; ADEQUATE REMEDY AT LAW.

An injunction to restrain the enforcement of a judgment at law upon the ground that it is fraudulent will not be granted, where there is

NOTE.—On general equitable jurisdiction in regard to injunction against judgment where there is a remedy at law, see note in 32 L.R.A. 326.

an adequate remedy at law.   (Citing *Hess* v. *Horton*, 2 App. D. C. 81.)

No. 3146.   Submitted January 9, 1919.   Decided February 3, 1919.

HEARING on an appeal from a decree in the Supreme Court of the District of Columbia, sitting as an equity court, dismissing a bill for injunction to restrain the enforcement of a judgment at law.                                  *Affirmed.*

The facts are stated in the opinion.

*Mr. George S. Engle in propria persona.*

*Mr. James W. McNeill* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This appeal is from a decree dismissing a bill for injunction to restrain the enforcement of a judgment.

Appellee, Robert H. McNeill, secured a verdict and judgment against appellant, George S. Engle, in an action at law. An appeal was taken to this court, which was dismissed for failure to file a bill of exceptions and transcript of record within the time allowed by the rules of the supreme court of the District of Columbia.   When the mandate of this court went down, this action was commenced.

The bill rests upon the bare averment that defendant procured a judgment against plaintiff, "which judgment the plaintiff alleges is fraudulent."   There are no averments of fact from which fraud could be inferred, nor is it even alleged that the judgment was procured by fraud.   The bill indefinitely intimates that the defense of the Statute of Frauds was relied upon in the action at law.   If so, it was a defense equally as available at law as in equity.   If proper evidence was refused admission, or improper evidence was admitted in the trial, it merely constituted error, which could be corrected by appeal, in all of which plaintiff has had his day in court.

Plaintiff, so far as this bill shows, had an adequate remedy at law, and there is a total failure to state grounds upon which equity jurisdiction can be invoked. "It is a settled principle of equity jurisprudence that courts thereof have no jurisdiction to grant relief where plain and adequate remedy can be had at law. This rule is necessarily most closely adhered to in all of the United States courts. It is declared in the Judiciary Act, in strict accord with those provisions of the Constitution which establish the distinction between law and equity, and preserve the right of trial by jury in all cases at law where the value in controversy shall exceed $20. This right is not compensated by sending issues out of chancery to be tried by jury, and is therefore to be carefully guarded from the encroachments of courts of equity." *Hess* v. *Horton,* 2 App. D. C. 81.

The decree is affirmed, with costs. *Affirmed.*

A motion for reargument was denied February 15, 1919.